IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

January 31, 2011

RE: GEORGE MARSDEN V. JOHN A. PALAKOVICH, ETAL
CA No. 10-5455

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Sitarski, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: /s/ Linda V. Jerry
LINDA V. JERRY, Deputy Clerk

cc: MARSDEN
    HANNON

Courtroom Deputy to Judge Diamond

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE MARSDEN, <br> Petitioner, <br><br> v. <br><br> JOHN A. PALAKOVICH, et al., <br> Respondents. | CIVIL ACTION <br><br> FILED <br> JAN 28 2011 <br> MICHAEL E. KUNZ, Clerk <br> By_____ Dep. Clerk <br><br> NO. 10-5455 |

## REPORT AND RECOMMENDATION

LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE                                     January 28, 2011

Presently before the Court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by George Marsden ("Marsden"), an individual presently currently incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania. For the reasons that follow, I respectfully recommend that the petition be DISMISSED without prejudice.

## I.     FACTS AND PROCEDURAL HISTORY

On June 11, 2010, Petitioner pled guilty to possession of a controlled substance with intent to deliver in the Court of Common Pleas of Delaware County. Response at Ex. A. On that same date, the state court sentenced Petitioner to eighteen (18) to thirty-six (36) months of incarceration. Response at Ex. A. On September 15, 2010, Petitioner requested that the trial court reconsider his sentence. Response at Ex. B. On September 20, 2010, the trial court informed Petitioner that it no longer had jurisdiction to rule on his request for reconsideration. Response at Ex. C. Petitioner did not file a direct appeal of his judgment of sentence, nor has he filed a petition pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. § 9541, *et seq*. Habeas

Petition ¶¶ 9-12; Response at Ex. A.

On October 13, 2010, Petitioner filed the instant habeas corpus petition, raising a single issue: alleged medical mistreatment by prison officials. Habeas Petition ¶ 12. Specifically, Petitioner states that he suffers from Non-Hodgkin's Lymphoma, and he has not received his previously scheduled chemotherapy treatment while at SCI Camp Hill. Habeas Petition ¶ 12(a). Petitioner's request for relief states that he does not "want to die in prison because of [improper] treatment" and requests "lesser sentence." Habeas Petition at p. 18. Respondents contend that Petitioner's claim has not been exhausted and does not present a cognizable issue. Response at p. 9-10.

## II. DISCUSSION

Federal law provides two main avenues to relief on complaints related to imprisonment: a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983, and a petition for habeas corpus, 28 U.S.C. § 2254. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). "Challenges to conditions of confinement fall under § 1983. Attacks on the fact or duration of the confinement come under 28 U.S.C.A. § 2254." *Doe v. Pennsylvania Board of Probation and Parole*, 513 F.3d 95, 100 (3d Cir.2008) (*citing Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Here, Mr. Marsden's petition is subject to dismissal because it misconstrues the scope and reach of the writ of habeas corpus. In this *pro se* petition, Petitioner urges the Court to issue a writ of habeas corpus to address the conditions of his current confinement. Specifically, Petitioner complains of an alleged failure to receive necessary medical treatment during his

2

incarceration. While Petitioner's request for relief states a plea for "a lesser sentence," Petitioner does not argue that he is actually entitled to a lesser sentence. The petition does not attack the validity of the underlying conviction, or the duration of sentence. Rather, Petitioner states reasons why he should be provided with certain medical treatment.[1] Because inmates are not entitled to use the writ of habeas corpus to secure this type of relief relating to the conditions of their confinement, this petition should be dismissed, without prejudice to Mr. Marsden pursuing a separate civil action challenging the conditions of his confinement. Indeed, Petitioner has already brought a separate action pursuant to 42 U.S.C. § 1983 on the same grounds asserted in the present habeas petition. That civil action currently is pending in the United States District Court for the Middle District of Pennsylvania, where Petitioner is serving his sentence. *See Marsden v. Palakovich*, No. 10-5410, 2010 WL 4751699 (E.D.Pa. Nov. 23, 2010).

The writ of habeas corpus serves a specific, and well-defined purpose. As the United States Court of Appeals for the Third Circuit has aptly noted: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir.2002). "Therefore, a prisoner is entitled to a writ of habeas corpus only if he 'seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that

---

[1] As stated above, Petitioner states that he suffers from Non-Hodgkin's Lymphoma, but he has not been getting treatment while in prison. Habeas Petition ¶ 12(a). Petitioner explains that his cancer is in stage four, and he has not received his previously scheduled chemotherapy treatment. Habeas Petition ¶ 12(a).

3

necessarily implies the unlawfulness of the [government's] custody.'" *Cannon v. Schultz*, No. 08-4514, 2008 WL 4510034 at *3 (D.N.J. Sept. 29, 2008) (*citing Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005)).

Where a prisoner wishes to constitutionally challenge some aspect of the conditions of his confinement unrelated to the fact or duration of his detention, the writ of habeas corpus is not the proper vehicle for bringing this legal challenge. *See Lee v. Williamson*, 297 Fed. App'x 147, 148 (3d Cir.2008) ("We agree with the District Court that Lee's claims concerning . . . medical needs do not lie at the 'core of habeas'" and, therefore, are not cognizable in a § 2241 petition."); *see also U.S. v. Zavala*, No. 06-4047, 2008 WL 4061413 at *3 (E.D.Pa. Sept. 2, 2008)(Where the petitioner claimed that medical personnel at the detention center refused him necessary medical treatment, the claim is a conditions of confinement claim, which is not cognizable in a habeas). Indeed, courts considering petitions that seek to use the writ of habeas corpus to prescribe a specific course of medical treatment for an inmate typically find such claims noncognizable. *Byrd v. Scism*, No. 10-2247, 2010 WL 4853876 at *3 (M.D.Pa. Nov. 22, 2010)(*citing e.g., Lee v. Williamson*, 297 F.Appx. 147 (3d Cir.2008); *Ayala-Mendez v. Ebbert*, No. 09-2561, 2010 WL 411745 (M.D.Pa. Jan.25, 2010); *Jackson v. Grondolsky*, No. 09-853, 2009 WL 691222 (D.N.J. March 10, 20009); *Loffa v. Grondolsky*, No. 08-5369, 2009 WL 387749 (D.N.J. Feb. 10, 2009); *Uhl v. Contri*, No. 08-1294, 2008 WL 3992281 (M.D.Pa. Aug.27, 2008)). Instead, a civil rights action is appropriate.

This rule clearly applies in cases where the petitioner complains of medical mistreatment while incarcerated. For example, in *Beckley*, the petitioner requested certain medical treatment, but he did not contest the legality of his conviction, the validity of the continued conviction, or

the fact or length of a sentence. *Beckley v. Miner*, 125 Fed. Appx. 385, 2005 WL 256047 (3d Cir.2005). The Third Circuit therefore concluded that "[w]hat is left is essentially a 'condition of confinement' because the relief sought 'would not alter [the petitioner's] sentence or undo his conviction.'" *Id.* (*citing Leamer*, 288 F.3d at 544). The Third Circuit thus found that the district court lacked jurisdiction under the habeas corpus statute to hear Beckley's complaint. *Id.* Likewise, in *Leamer*, the state prisoner filed a civil action requesting, among other things, access to medical treatment, but the district court dismissed the 1983 claim. The Third Circuit reversed the dismissal of the 1983 claim and explained that "unless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under [28 U.S.C.] § 1983." *Leamer*, 288 F.3d at 544.

As noted above, Mr. Marsden does not raise any issues with respect to his guilty plea or the fact or length of his sentence. Mr. Marsden challenges only the conditions of his confinement by complaining of inadequate medical treatment. Mr. Marsden does not assert any grounds by which this Court could recommend that his sentence be altered or his conviction undone. Therefore, a habeas petition is not the appropriate vehicle for Mr. Marsden's medical mistreatment claim.

Since it is well established that the type of complaint made by Petitioner simply does not sound in habeas, this petition should be dismissed. Mr. Marsden's recourse, if any, would be through a 1983 civil rights action challenging his medical care, which Mr. Marsden has already filed. *See Meyers v. R. Martinez*, No. 10-3298, 2010 WL 4846051 at *1 (3d Cir. Nov. 30, 2010)(The Third Circuit noted that the district court properly dismissed without prejudice to the petitioner's right to seek relief in a civil rights action those claims challenging the conditions of

confinement ( i.e., medical-treatment claims), because such claims are not cognizable in a habeas proceeding). While we note that Mr. Marsden has, indeed, filed a 1983 action to address his conditions of confinement, i.e, his medical concerns, we express no views regarding the ultimate merits of such an action. Instead, we simply note that such a claim may not be brought in a habeas petition, but must be pursued as a separate civil action.[2]

Therefore, I respectfully make the following:

---

[2] Even were the Court to conclude that Petitioner's medical mistreatment claim is cognizable, it is not exhausted for purposes of habeas review. To satisfy the exhaustion requirement, petitioners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before being presented to the federal courts. *O'Sullivan v. Boerkel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). As Petitioner concedes in his habeas petition, he failed to present his claim to the state courts for review, either directly or collaterally. Habeas Petition ¶12(c)-(d). Consequently, this claim is not considered exhausted for the purpose of habeas review. Further, as Respondents point out, Petitioner's judgment of sentence is not yet one year old, and Petitioner may file a timely PCRA petition. Thus, federal habeas corpus review would be inappropriate at this time.

## RECOMMENDATION

AND NOW, this ___28th___ day of January 2011, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE. There is no basis for the issuance of a certificate of appealability.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GEORGE MARSDEN, Petitioner, | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| JOHN A. PALAKOVICH, et al. Respondents. | : | NO. 10-5455 |

## ORDER

AND NOW, this _____ day of _____, 2011, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ for habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice.

3. There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
PAUL S. DIAMOND, J.